Paul-Kenneth: Cromar, ID #567164
Davis County Jail
800 West State Street
P.O. Box 618
Farmington, Utah 84025-0618
Phone: 801-451-4100

FILED US District Court-UT
APR 25 '24 AM 10:08

[Pro Se] *sui juris*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| PAUL KENNETH CROMAR,<br><br>Petitioner,<br><br>vs.<br><br>DAVIS COUNTY CORRECTIONAL FACILITY<br><br>Respondent | **PETITION FOR<br>WRIT OF HABEAS CORPUS**<br><br>Case: 1:24-cv-00064<br>Assigned To : Barlow, David<br>Assign. Date : 4/25/2024<br>Description: Cromar v. Davis County Correctional Facility |

**Re: Paul Kenneth Cromar, Inmate #567164**

Defendant Paul Kenneth Cromar inmate #567164, is currently being detained at Davis County Correction Facility 800 West State Street, Farmington, UT 84025, pursuant to a SENTENCE, JUDGMENT, COMMITMENT entered by Judge Christine Johnson, Fourth District Court, Provo, Utah case #201402860, December 8, 2023.

Mr. Cromar and his wife Barbara pleaded and declared they were "innocent" but were convicted on the following charges:

> COUNT 1: BURGLARY, a second degree felony, in violation of Utah Code Ann 76-6-202, in that on or about April 23, 2020 through September 6, 2020, in Utah County, the defendant, Paul Kenneth Cromar did enter or remain unlawfully in a dwelling or any portion of a dwelling with intent to commit: (a) a felony; (b) theft; or (c) an assault on any person. 2 COUNT 2: WRONGFUL APPROPRIATION, a third degree felony, in violation of

1

Utah Code Ann 76-6-404.5, in that on or about April 23, 2020 through September 6, 2020, in Utah County, the defendant, Paul Kenneth Cromar did obtain or exercise unauthorized control over the property of another, without the consent of the owner or legal custodian and with intent to temporarily appropriate, possess, or use the property or to temporarily deprive the owner or legal custodian of possession of the property, and (i) the value of the property or services was or exceeded $5,000; or (ii) the property taken was a firearm or an operable motor vehicle; (iii) actor was armed with a dangerous weapon, as defined in Utah Code Ann. § 76-1-601, at the time of the appropriation; or (iv) the property was taken from the person of another.

## THIS COURT HAS JURISDICTION

"Where an application for a writ of habeas corpus is made by a person in custody under the **judgment and sentence of a State court** of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." (See 28 U.S. Code § 2241 - Power to grant writ) (Emphasis added)

## INTRODUCTION

1. Petitioner will show that (a) he exhausted all remedies before bringing this petition to the court, (b) his Sixth Amendment U.S. Constitutional right was violated by being deprived of counsel, (c) Prosecutor Jared Perkins was guilty of "Prosecutorial Misconduct" by representing both the Plaintiff (State of Utah) as well as co-representing Defendant Cromar.

## STATEMENT OF LEGAL GROUNDS

2. Petitioner seeks relief in the form of a writ of habeas corpus on the grounds that the STATE sentence is unlawful because:

### a. Cromar's right to Sixth Amendment "assistance of counsel" was deprived

Judge Christine Johnson assigned public defender Lisa Maxine Estrada as counsel for Defendant Cromar.

The record shows that Ms. Estrada did not assist in the defense of Cromar in that she did not file any motions, documents, or pleadings in behalf of Cromar, nor did she present any arguments before the court in the defense of Cromar. (See Docket Report case 201402860.)

Ms. Estrada was not there at the trial, leaving Cromar without assistance of counsel thus depriving Cromar his Sixth Amendment right "to have the assistance of counsel for his defence." (See U.S. Constitution Sixth Amendment)

### b. Cromar's attempt to remedy his unlawful conviction was defeated by his counsel Ms. Estrada.

After the judgment, Cromar sought to appeal the decision but could not reach Ms. Estrada. He tried several times to contact her but she never returned any of his calls.

### c. Prosecutor Jared Perkins played both sides, committing "Prosecutorial Misconduct"

The record shows that Jared Perkins was co-defender along with co-defender Estrada in representing Defendant Cromar. (See Exhibit "A" Certified copy of the docket) This deprivation of counsel for Cromar compelled him to prepare and file documents on his own, which were ignored by Prosecutor Jared Perkins. This caused Cromar to continue filing motions in an effort to get a response, which he finally did. The response Cromar finally got was a move from the prosecutor to block Cromar from filing any further documents unless it came from his attorney. (*See* Utah Fourth District Court case #201402860). This "vexatious litigator" motion from Perkins came about several months before trial, depriving Cromar from being able to prepare for trial because Cromar's appointed counsel was unwilling to help Cromar by refusing to file any documents, leaving Cromar vulnerable to the whim and will of prosecutor Perkins. Ms. Estrada told the court in open hearing with Cromar in

attendance that he was "delusional" showing a biased nature indicating why she refused to provide support as a court appointed defender.

Ms. Estrada said she wanted to have Defendant Cromar's competency evaluated. However, though the transcript shows the judge encouraging her to do whatever she felt was appropriate, there is no evidence showing that Ms. Estrada ever requested a competency evaluation.

### d. Prosecutor Jared Perkins blocked Cromar from bringing his witnesses to trial, violating his Sixth Amendment right.

June 20, 2022 Prosecutor Jared Perkins filed an objection to most of Cromar's witnesses (see Docket 355) citing Utah Rule 602 that "*A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter,*" which successfully blocked both Paul and Barbara Cromar from subpoenaing many of their key witnesses, all based on Perkins' opinion, twisting the meaning of Rule 602, which was meant that when testifying, the opposing counsel could object to a statement from a witness, not that one can second guess what the witness would say before trial and altogether block them from entering the court. This violated Cromar's Sixth Amendment right "*to have **compulsory** process for obtaining witnesses in his favor*" (see Sixth Amendment U.S. Constitution.) (Emphasis added) Cromar's constitutionally guaranteed right to **compel** witnesses was **denied**.

### e. New evidence that was not presented at trial

The Prosecution's COUNT 1 heavily relies on the assumption that when the Cromars entered the home (which was still in their name) they intended "to commit: (a) a felony; (b) theft; or (c) an assault on any person."

It's important to note that the charges in COUNT 1 are **not** about committing "a felony, theft, or assault on any person" but the **"intention"** to do so. "Intention" is about the state of the mind of the individual, and yet the Cromars were criminally charged with having the state of mind to commit a crime because they were accused

of obtaining "*unauthorized control over*" the Cedar Hills home, when in fact the unlawful detainer action involving the home while the Cromars were living in it prove otherwise.

The Unlawful Detainer Civil action against the Cromars that took place almost two months after the Cromars moved back proves that the Cromars are innocent of the charges found in COUNT 1, because the same months that took place during the unlawful detainer action were the same months used in COUNT 1, proving that they were going through an eviction process, a **civil** action.

In other words, the Cromars were charged with having the **intent** to "commit theft" inside of their own home, (their furniture and belongings were still intact and appeared to be left untouched) and the **intent** to commit "an assault on any person" within their home when in fact there is no evidence found in any police report that the Cromars attempted to harm anyone. Prosecutor Perkins could have easily checked police reports to confirm this fact. Also, the charge of "intent" is vague, ambiguous and was supported only by the opinion of the prosecution.

The Prosecution's COUNT 2 heavily relies on the assumption that when the Cromars entered the home April 23, 2020 they "*did obtain or exercise unauthorized control over the property of another*".

But, this is not true. New evidence show that the Cedar Hills Home was still in the Cromar's name till June 1, 2020. The Utah County Recorder's office did not record a change of title until June 2, 2020 from Cromar to Copper Birch Properties, LLC.[1]

It wasn't until July 13, 2020 that the alleged new owner, Copper Birch Properties filed an "unlawful detainer" civil action against Cromar to remove him from his house[2]. The unlawful detainer was successful in that it removed the Cromars from the house September 24, 2020. Since then the Cromars NEVER returned back to the home. EVER.

---

[1] See Federal Case 2:17-cv-01223 EFC #124, Paragraph 3 "As of late Monday, June 1, however, the County's records continued to show title to the property to be in the name of the Cromars."

3. The before mentioned evidence was not admitted into the court. Cromar is now convinced that Prosecutor Perkins knew full well of this Unlawful Detainer action, the date when Cromars moved in and how it gave full contradiction to Count 1 and Count 2 of this instant action, but went full steam ahead in order to win victory over the defeat of the Cromars.

4. The "Information" (See Dkt. 1, case 201402860) describes in COUNT 1 and in COUNT 2 that these crimes took place "on or about April 23, 2020 through September 6, 2020" when in fact the records proves this to be grossly unfounded. The title was still in Cromar's name till June 1, 2020[1], and the "September 6, 2020" date was in the middle of an eviction process[2]. A **civil** matter regarding that home.

5. Defendant Cromar, did **not** return to the home after he was vacated September 24, 2020 due to the unlawful detainer.

**A person not vacating a property after foreclosure and sale is not a criminal offense, but a civil.**

> "Unlawful detainer after foreclosure or forced sale.
> A previous owner, trustor, or mortgagor of a property is guilty of unlawful detainer if the person: (1) defaulted on his or her obligations resulting in disposition of the property by a trustee's sale or sheriff's sale; and (2) continues to occupy the property after the trustee's sale or sheriff's sale after being served with a notice to quit by the purchaser. (*See* Utah Code 78B-6-802.5)

## CONCLUSION

The Prosecutors for the State of Utah were able to successfully convince the jury to convict both Paul Kenneth Cromar and wife Barbara Ann Cromar by leaving out key evidence and purposefully blocking witnesses. Defendant Cromar firmly believes the Prosecutors were fully aware of the before mentioned key evidence and went full steam ahead anyway. Prosecutors also violated Cromar's Sixth Amendment right in at least two clear areas during the litigation.

---

[2] See Fourth District Court case #200400972, Doc #1 "Complaint"

## PRAYER FOR RELIEF

WHEREFORE, petitioner respectfully requests that this Court issue a writ of habeas corpus and order that the judgment against Defendant Paul Kenneth Cromar be void and his sentence be instantly vacated.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Presented in honor in the year of our Lord and in His name the 23rd day of April, 2024.

*[signature]* TM

Paul-Kenneth: Cromar

As per docket #25 of September 27, 2023 "I elect to proceed under Constitutional Common Law."

## STATE OF UTAH – DAVIS COUNTY

## NOTARY JURAT

The foregoing instrument was acknowledged before me this 23 day of April, 2024

By *[signature]*

JAMES BRIERLEY
Notary Public - State of Utah
Comm. No. 729802
My Commission Expires on
Mar 6, 2027

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April, 2024, I personally delivered to the names below through the front desk of the Davis County Correctional Facility a true and correct copy of **PETITION FOR WRIT OF HABEAS CORPUS**

SHERIFF KELLY V. SPARKS
CHIEF DEPUTY ANDREW OBLAD
DEPUTY ARNOLD BUTCHER
Davis County Jail
800 West State Street
P.O. Box 618
Farmington, Utah 84025-0618

_____
Raland Brunson